# UNITED STATES DISTRICT COURT
## District of Minnesota

Pablo Josue Quintanilla Mendoza,

Petitioner,

v.

Markwayne Mullin, Todd M. Lyons, David Easterwood, Ryan Shea,

Respondents.

**JUDGMENT IN A CIVIL CASE**

Case Number: 26-cv-2302 JWB/DLM

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Petitioner Pablo J.Q.M.'s Petition for Writ of Habeas Corpus (Doc. No. 2) is **GRANTED IN PART**.
2. Petitioner's continued detention without any opportunity for an individualized bond determination violates the Due Process Clause.
3. Respondents must provide Petitioner with a bond hearing before an Immigration Judge in Minnesota within **7 days** of the date of this Order.
4. Respondents, or anyone acting in concert with Respondents, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the bond hearing and related ruling required by this Order have occurred.
5. If Respondents do not provide Petitioner with a bond hearing as required by this Order, Petitioner must then be **immediately released from detention**.

6. If Petitioner is released: a. **Release and Return of Property.** In the event that Respondents release Petitioner, he must be released in Minnesota. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

b. **Return to Minnesota.** If Petitioner is currently held outside Minnesota, Respondents shall initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiating Petitioner's return based on administrative convenience, transportation availability, or detention-capacity considerations.

c. **Weather-Related Delay.** If weather conditions present a safety risk at the time of release, Respondents may delay physical release only for the brief period necessary to ensure safe release. Any such delay must be strictly limited and may not be used to justify continued custody where a safe alternative is available.

d. **No Recharacterization of Custody.** Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order would require Petitioner's release in Minnesota without any newly

issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions. Any such conditions imposed at the time of Petitioner's release shall be considered null and void as inconsistent with this paragraph.

7. **Notice.** On or before **June 5, 2026**, Respondents shall file a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. If released, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

8. Petitioner's other claims are not reached.

Date: 5/27/2026

KATE M. FOGARTY, CLERK